IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE P. REILLY, as Trustee on his own behalf and on behalf of the other Trustees of TEAMSTERS LOCAL UNION NO. 115 HEALTH & WELFARE FUND<br>10965 Decatur Road<br>Philadelphia, PA 19154<br>    and<br>SHANE P. REILLY, as Trustee on his own behalf and on behalf of the other Trustees of TEAMSTERS LOCAL UNION NO. 115 PENSION FUND<br>10965 Decatur Road<br>Philadelphia, PA 19154<br>    and<br>SHANE P. REILLY, as Trustee on his own behalf and on behalf of the other Trustees of TEAMSTERS LOCAL UNION NO. 115 LEGAL SERVICE FUND<br>10965 Decatur Road<br>Philadelphia, PA 19154<br><br>    v.<br><br>ARAMARK EDUCATIONAL SERVICES<br>1101 Market Street<br>Philadelphia, PA 19107 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO: |

## **COMPLAINT**

The plaintiff Shane P. Reilly, as Trustee on his own behalf and on behalf of the other Trustees of the Teamsters Local Union No. 115 Health & Welfare Fund, Teamsters Local Union No. 115 Pension Fund and Teamsters Local Union No. 115 Legal Service Fund (collectively "Funds"), by their attorneys, Markowitz & Richman, complaining of the defendant Aramark Educational Services, allege as follows:

## NATURE OF ACTION

1. This is an action brought pursuant to Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. §185 and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et seq., as amended by the Multi-Employer Pension Plan Amendments Act of 1980 (MEPPAA), (1) to recover employer contributions owed to Teamsters Local Union No. 115 Health & Welfare Fund, Teamsters Local Union No. 115 Pension Fund and Teamsters Local Union No. 115 Legal Service Fund ("Welfare Fund", "Pension Fund" and "Legal Service Fund"), (2) for liquidated damages and interest and (3) costs and reasonable attorney's fees.

2. Plaintiff Welfare Fund is a welfare fund jointly administered by the trustees representing various employers and Teamsters Local Union No. 115 (hereinafter "Union") in various industries. The purpose of the Fund is to provide health and welfare benefits (including scholarship benefits) for employees and dependents employed by the participating employers pursuant to collective bargaining agreements between said employers and said Union. A number of the employees of defendant Aramark Educational Services (hereinafter "Employer"), are participants in and beneficiaries of the Fund. The Fund is established pursuant to an Agreement and Declaration of Trust in accordance with Section 302 of the Labor Management Relations Act, as amended, 29 U.S.C. §186.

3. Plaintiff Pension Fund is a pension fund jointly administered by the trustees representing various employers and the Union in various industries. The purpose of the Fund is to provide pension benefits for employees and dependents employed by the participating employers pursuant to collective bargaining agreements between said employers and said Union. A number of the employees of defendant Employer are participants in and beneficiaries of the

Fund. The Fund is established pursuant to an Agreement and Declaration of Trust in accordance with Section 302 of the Labor Management Relations Act, as amended, 29 U.S.C. §186.

4. Plaintiff Legal Fund is a legal service fund jointly administered by the trustees representing various employers and the Union in various industries. The purpose of the Fund is to provide legal service benefits for employees employed by the participating employers pursuant to collective bargaining agreements between said employers and said Union. A number of the employees of defendant Employer are participants in and beneficiaries of the Fund. The Fund is established pursuant to an Agreement and Declaration of Trust in accordance with Section 302 of the Labor-Management Relations Act, as amended, 29 U.S.C. §186.

5. The Union is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act, 29 U.S.C. §152(5) and is located at 10965 Decatur Road, Philadelphia, Pennsylvania, 19154.

6. Shane P. Reilly ("Reilly") is a trustee of the Health & Welfare Fund, Pension Fund and Legal Service Fund and is a fiduciary of the Funds within the meaning of Sections 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132. Reilly's office is located at 10965 Decatur Road, Philadelphia, Pennsylvania, 19154.

7. Defendant Employer maintains an office and place of business located at 1101 Market Street, Philadelphia, Pennsylvania, 19109. Defendant Employer is engaged in an industry affecting commerce within the meaning of Section 301 of the Labor-Management Relations Act, as amended, 29 U.S.C. §185.

8. Defendant Employer is a signatory to a collective bargaining agreement with the Union, and as such, is bound by said collective bargaining agreement and the terms of the Agreement and Declaration of Trusts for the Funds. The collective bargaining agreement is

attached hereto as Attachment A and the relevant portions of the Agreement and Declaration of Trusts are attached as Attachments B-1 through B-3.

## JURISDICTION AND VENUE

9. This court has jurisdiction over this action pursuant to Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. §185 and Section 502(e) and (f) the Employee Retirement Income Security Act of 1947 (ERISA), 29 U.S.C. §1001 et seq., as amended by the Multi-Employer Pension Plan Amendments Act of 1980 (MEPPA).

10. Venue is proper in this district pursuant to §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. §185(a), and 28 U.S.C. §1391(b).

## COUNT I - LABOR MANAGEMENT RELATIONS ACT

11. The allegations of paragraphs 1 through 10 above are incorporated herein by reference as if set forth more fully at length.

12. Pursuant to the terms of the collective bargaining agreement, defendant Employer is obligated to file regular reports and to make payments to plaintiffs for contributions on behalf of the employees employed by defendant Employer and represented by the Union.

13. For the period January 1, 2020 through March 31, 2020, defendant Employer has failed to file accurate periodic and regular reports and/or contributions as required by said agreement.

14. It was determined that defendant Employer has failed to make payments, estimated in part, as follows:

|   |   |
|---|---|
| Health & Welfare Fund | $384,880.94** |
| Pension Fund | $156,627.15 |
| Legal Service Fund | $ 21,105.00 |
| Scholarship Fund | $      753.75 |
|   | **$563,366.84** |

**\*\*Amount includes $14,755.94 for the reimbursement of claims paid by the Fund, which is not subject to the 10% penalty.**

Additionally, the Company is obligated to pay a 10% late fee in the amount of $54,861.09. Accordingly, the total amount due to the Funds to date is **$618,227.93**. An audit, by the Funds' auditor, will determine the exact amount of the total due to the Funds.

15. Since January 1, 2020, and continuing to date, defendant Employer has failed to submit accurate periodic and regular contributions to the plaintiffs as required by said agreement.

WHEREFORE, plaintiffs request that this court:

(a) Order defendant Employer to comply with the terms of the collective bargaining agreement by submitting regular and accurate reports and making timely payments and contributions to the plaintiffs in accordance with the terms of the agreement;

(b) Order defendant Employer to submit the applicable books and records to the Funds' auditor to confirm the total amount of money due and owing to the Funds;

(c) Enter judgment in favor of the plaintiffs and against the defendant Employer in the amount of $618,227.93 and any additional sum found to be due and owing to the plaintiffs, plus liquidated damages and interest accrued subsequently;

      (d)    Order defendant Employer to pay to plaintiffs the costs incurred by plaintiffs in prosecuting this suit; including the cost of an audit and reasonable attorney's fees; and

      (e)    Grant plaintiffs such other and further relief as the court shall deem just and proper in order to require the defendant to fully comply with the terms of the agreement.

## COUNT II - ERISA, AS AMENDED BY MEPPAA

16. The allegations of paragraphs 1 through 15 above are incorporated herein by reference as if set forth more fully at length.

17. Section 515 of ERISA, 29 U.S.C. §1145, requires that any employer that is obligated to make contributions to a multiemployer plan under the terms of the Plan or under the terms of a collective bargaining agreement, shall do so in accordance with such Plan or agreement.

18. The failure and refusal of defendant Employer to make the payment and contributions due and owing to the plaintiffs in accordance with the terms of the Agreement violates the provisions of ERISA, as amended by MEPPA.

WHEREFORE, plaintiffs request that this court:

      (a)    Order defendant Employer to comply with the terms of the collective bargaining agreement by submitting regular and accurate reports and making timely payments and contributions to the plaintiffs in accordance with the terms of the agreement;

      (b)    Order defendant Employer to submit the applicable books and records to the Funds' auditor to confirm the total amount of money due and owing to the Funds;

(c)     Enter judgment in favor of the plaintiffs and against the defendant Employer in the amount of $618,227.93 and any additional sum found to be due and owing to the plaintiffs, plus liquidated damages and interest accrued subsequently;

(d)     Order defendant Employer to pay to plaintiffs the costs incurred by plaintiffs in prosecuting this suit; including the cost of an audit and reasonable attorney's fees; and

(e)     Grant plaintiffs such other and further relief as the court shall deem just and proper in order to require the defendant to fully comply with the terms of the agreement.

Respectfully submitted,

MARKOWITZ & RICHMAN

BY:   /s/ Stephen C. Richman
STEPHEN C. RICHMAN, ESQUIRE
123 South Broad Street – Suite 2020
Philadelphia, PA 19109
215-875-3114

Attorneys for Plaintiffs,
Teamsters Local Union No. 115
Health and Welfare Fund
Teamsters Local Union No. 115
Pension Fund and
Teamsters Local Union No. 115
Legal Service Fund

Dated: April 24, 2020